UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------
HICA EDUCATION LOAN
CORPORATION,

                       Plaintiff,                    **MEMORANDUM AND ORDER**
                                                        **12-CV-1261 (DRH)**

     -against-

CARLOS J. RIVERA,

                       Defendant.

-----------------------------------------------------X
**APPEARANCES:**

**For the Plaintiff:**
**FRANK STEVEN TATE**
135A East Drive
North Massapequa, NY 11758
By:    Frank Steven Tate, Esq.

**For the Defendant:**
**SCOTT LOCKWOOD**
1476 Deer Park Ave., Suite 3
North Babylon, NY 11703
By:    Scott Lockwood, Esq.

**Hurley, Senior District Judge:**

Plaintiff HICA Education Loan Corporation ("HICA") commenced this action against

defendant Carlos J. Rivera ("Rivera") seeking "enforcement of an indebtedness arising under the

United States Health Education Assistance Loan (["HEAL"]) Program (42 U.S.C. §§ 292/294 et

seq. and the Federal Regulations set forth in 42 C.F.R. Part 60" (the "HEAL Statutes and

Regulations"). (Compl. ¶ 3.) Presently before the Court is defendant's motion to dismiss

plaintiff's Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. For the

reasons set forth below, the motion is granted.

**BACKGROUND**

"The HEAL program is a Federal program [enacted] to provide 'student loan insurance for students in . . . eligible institutions,' " particularly for students in various medical fields. (Def.'s Mem. in Supp. at 1 (citing 42 U.S.C. § 292).) These loans can be made by schools, banks, credit unions, state agencies, and other institutions eligible as lenders, 42 C.F.R. 60.1(b), and the borrower is to "repay the loan in accordance with the repayment schedule" [agreed upon by the lender and the borrower] 42 C.F.R. 60.8(b)(4). The Secretary of the Department of Health and Human Services "insures each lender or holder for the losses of principal and interest it may incur" should a borrower default on the loan. 42 CFR § 60.1(c). If the borrower defaults on the loan, "the borrower's loan is then assigned to the Secretary [of the Department of Health and Human Services] . . . [and] at that time, the United States Government becomes the borrower's direct creditor and will actively pursue the borrower for repayment." 42 C.F.R. 60.8(b)(4).

Here, the defendant borrower signed six (6) promissory notes (the "Notes"), totaling over $44,000, pursuant to the provisions of the HEAL Statutes and Regulations. Subsequently, the Notes were sold, transferred, and assigned to plaintiff by the Student Loan Marketing Association ("SLMA"). At some point in time, defendant failed to make the payments that were due and owing under the terms of the Notes, and despite demand for payment, has not repaid those sums. Plaintiff now seeks to recover the unpaid principal together with unpaid interest on the notes, the sum of which is over $46,000.

**DISCUSSION**

**I.      Legal Standard**

A defendant may move to dismiss a suit for lack of subject matter jurisdiction under Rule

12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it."

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff has the burden to

prove subject matter jurisdiction by a preponderance of the evidence. *Aurecchione v. Schoolman*

*Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In reviewing a motion to dismiss under

Rule 12(b)(1), the Court must accept all facts in the complaint as true. *Town of Babylon v. Fed.*

*Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

## II.    *Whether Subject Matter Jurisdiction Exists*

In the Complaint, plaintiff asserts that "[j]urisdiction is proper under 28 U.S.C. § 1331

because Plaintiff's claims arise under the Constitution, laws, or treaties of the United States" as

"Plaintiff seeks enforcement of an indebtedness arising under the [HEAL Statutes and

Regulations]." (Compl. ¶ 3.) Defendant, however, argues that the Court does not have subject

matter jurisdiction over plaintiff's claims because this case does not "arise under" the HEAL

Statutes and Regulations. (Def.'s Mem. in Supp. at 1.) Defendant contends that "[t]he statute

and regulations involving the HEAL program and relied upon by the Plaintiff create no rights, no

duties and no responsibilities between the parties." (*Id*. at 2.) Defendant bases its argument on

the Supreme Court's ruling in *Gunn v. Minton*, where the Court analyzed "whether a state law

claim alleging legal malpractice in the handling of a patent case must be brought in federal

court" since "[f]ederal courts have exclusive jurisdiction over cases 'arising under any Act of

Congress relating to patents' " pursuant to 28 U.S.C. 1338(a). 133 S. Ct. 1059, 1062 (2013). In

*Gunn*, the Court emphasized that the "arising under" phrase in both 28 U.S.C. § 1331 and § 1338

have been interpreted identically. *Id*. at 1064. Moreover, the Court explained that a case can

"arise under" federal law when "federal law creates the cause of action asserted." *Id*. In

addition, however, the Court clarified that in some instances "where a claim finds its origins in

state rather than federal law . . . arising under jurisdiction still lies." *Id*. To further explain this basis for jurisdiction, the Court expounded upon a prior holding in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005) stating "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id*. at 1065. All four requirements must be met to show that federal subject matter jurisdiction is proper. *Id*. Here, defendant argues that plaintiff's claim fails the first prong of the test as a federal issue is not raised because plaintiff's claim "is solely based upon a breach of contract." (Def.'s Mem. in Supp. at 3.)

Several district courts within this Circuit have determine that federal courts do not have subject matter jurisdiction over actions to recover payments due on loans issued pursuant to the HEAL Statutes and Regulations. *HICA v. Meyer*, 2014 WL 1694928, at *2 (S.D.N.Y. Apr. 23, 2014); *HICA v. Kotlyarov*, 2013 WL 4007582, at *3 (S.D.N.Y. Aug. 6, 2013) (report and recommendation) (collecting cases); *HICA v. Danziger*, 900 F. Supp. 2d 341, 343 (S.D.N.Y. 2012). For example, in *HICA v. Danziger*, the court held that although "HEAL program loans are creatures of federal statutes and regulations" jurisdiction did not exist since "the fact that HEAL loans are regulated does not bear on the issue of whether [defendant] defaulted." 900 F. Supp. 2d at 343. Moreover, the Court found that "although a default on a HEAL program loan is a violation of a federal regulation, this action to recover on a promissory note [did] not require the Court to decide a substantial federal issue." *Id*. Similarly, in *HICA v. Meyer*, the court addressed whether there was jurisdiction for HICA's claims and found that "[f]ederal question jurisdiction [was] unavailable" because the dispute did not 'arise under' federal law, whether applying the creation or *Grable* test." 2014 WL 1694928, at *2.

Here, plaintiff has not offered any argument convincing the Court to depart from the reasoning of the district courts discussed above.[1]  The Court agrees with the district courts in this Circuit cited above in that plaintiff's claims for recovery on the promissory note were not created by federal law and do not require the Court to analyze a substantial federal issue.  *Danziger*, 900 F. Supp. 2d at 343 ("Although the note was executed under the HEAL program and is governed by federal regulations, . . . HICA's cause of action to recover on a promissory note is created by state law.").  Moreover, "this is an ordinary contractual dispute that does not raise any issue requiring interpretation of federal law, and certainly not a 'contested and substantial federal question.' "  *Meyer*, 2014 WL 1694928, at * 2 (citing *Grable*, 554 U.S. at 313).  As a result, plaintiff's action is dismissed for lack of subject matter jurisdiction.

### Conclusion

For the foregoing reasons, Plaintiff's claims are dismissed.  The clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
     November 4, 2014                         _____/s/_____
                                          Denis R. Hurley
                                        United States District Judge

---

[1] None of the HEAL cases from this District cited by the plaintiff in support of its position address the issue of subject matter jurisdiction.